IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RISHARDO LAWRENCE,<br><br>  Plaintiff,<br><br>  v.<br><br>GAVIN NEWSOM, et al.,<br><br>  Defendants. | No. 2:22-CV-1975-WBS-DMC-P<br><br>FINDINGS AND RECOMMENDATIONS |

   Plaintiff, a prisoner proceeding with retained counsel, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is Defendants' motion to dismiss, ECF No. 20. Plaintiff has not filed an opposition to the motion to dismiss.

   In considering a motion to dismiss, the Court must accept all allegations of material fact in the complaint as true. See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). The Court must also construe the alleged facts in the light most favorable to the plaintiff. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); see also Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976); Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam). All ambiguities or doubts must also be resolved in the plaintiff's favor. See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969). However, legally conclusory statements, not supported by actual factual allegations, need not be accepted. See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009). In addition, pro se pleadings are held to a less stringent standard than those drafted by lawyers.

See Haines v. Kerner, 404 U.S. 519, 520 (1972).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim under Rule 12(b)(6), a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. at 555-56. The complaint must contain "enough facts to state a claim to relief that is plausible on its face." Id. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting Twombly, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility for entitlement to relief." Id. (quoting Twombly, 550 U.S. at 557).

In deciding a Rule 12(b)(6) motion, the Court generally may not consider materials outside the complaint and pleadings. See Cooper v. Pickett, 137 F.3d 616, 622 (9th Cir. 1998); Branch v. Tunnell, 14 F.3d 449, 453 (9th Cir. 1994). The Court may, however, consider: (1) documents whose contents are alleged in or attached to the complaint and whose authenticity no party questions, see Branch, 14 F.3d at 454; (2) documents whose authenticity is not in question, and upon which the complaint necessarily relies, but which are not attached to the complaint, see Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001); and (3) documents and materials of which the court may take judicial notice, see Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir. 1994).

///
///
///

Furthermore, "the Supreme Court has instructed the federal courts to liberally construe the inartful pleading of pro se litigants. It is settled that the allegations of [a pro se litigant's complaint] however inartfully pleaded are held to less stringent standards than formal pleadings drafted by lawyers." See Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir. 1987) (citation and internal quotation marks omitted; brackets in original). The rule, however, "applies only to a plaintiff's factual allegations." See Neitzke v. Williams, 490 U.S. 319, 330 n.9 (1989). "'[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" See Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

Finally, leave to amend must be granted "[u]nless it is absolutely clear that no amendment can cure the defects." Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam); see also Lopez v. Smith, 203 F.3d 1122, 1126 (9th Cir. 2000) (en banc).

## I. PLAINTIFF'S ALLEGATIONS

Plaintiff alleges that Governor Newsom and Warden Benavidez violated Plaintiff's Fourteenth Amendment rights to due process and equal protection. See ECF No. 1, pgs. 1-2. Plaintiff also asserts two state law causes of action for negligent infliction of emotional distress and intentional infliction of emotional distress. See id. Plaintiff does not specify if Defendants are being sued in their individual or their official capacities but seeks damages as well as injunctive relief in the form of a medical parole hearing. See id. at 3.

"Plaintiff is currently an inmate at California Medical Facility in Vacaville California … currently disabled, and in a wheelchair suffering from pulmonary embolism and deep vein thrombosis and cardiopulmonary disorder all of which resulted in his leg being amputated." See id. at 1. Plaintiff alleges Defendant Benavidez was notified that Plaintiff requested a medical review for a medical parole hearing, but Benavidez never responded to Plaintiff's request. See id. at 2. Plaintiff concludes this violated his Fourteenth Amendment rights as well as California Penal Code Section 3350. Plaintiff has not provided any facts regarding Defendant Newsom's conduct.

Plaintiff states that both Defendants "owed a duty to Plaintiff to treat him in a non-negligent and fair manner after Plaintiff … applied for Medical Parole and was denied by inaction." See id.  Plaintiff claims this caused him great emotional distress and thus asserts a cause of action under negligent infliction of emotional distress.  See id.

Finally, Plaintiff alleges Defendants' failure to consider Plaintiff for medical parole "caused severe emotional distress to Plaintiff and constitutes outrageous conduct with the intent to cause, or with reckless disregard of the probability of causing great emotional distress to Plaintiff." See id. at 3.  Plaintiff alleges Defendants are liable for intentional infliction of emotional distress.  See id.

## II. DISCUSSION

Defendants present eight arguments to support their motion to dismiss, as follows:

1. Plaintiff's claims against Defendants in their official capacities are barred by the Eleventh Amendment.

2. Plaintiff cannot recover damages against Defendants for claims against them in their official capacities.

3. Plaintiff fails to allege facts to establish the personal involvement of Defendants acting in their individual capacities.

4. Plaintiff fails to allege facts to state an equal protection claim under the Fourteenth Amendment.[1]

5. Defendant Newsom cannot be liable under a respondeat superior theory of liability.

6. The Court should decline supplemental jurisdiction over Plaintiff's state law claims.

7. Plaintiff fails to allege facts to state a claim for negligent infliction of emotional distress.

8. Plaintiff fails to allege facts to state a claim for intentional infliction of emotional distress.

See ECF No. 20, pg. 3.

///

---

[1]  Though they acknowledge in their motion to dismiss that Plaintiff claims violation of his due process rights, Defendants do not address Plaintiff's due process claim.

4

### A. Official Capacity Claims

In their first two arguments, Defendants argue that Plaintiff cannot proceed on his claims for money damages against them to the extent they are sued in their individual capacities. See ECF No. 20, pgs. 10-11.

The Eleventh Amendment bars actions seeking damages from state officials acting in their official capacities. See Eaglesmith v. Ward, 73 F.3d 857, 859 (9th Cir. 1995); Pena v. Gardner, 976 F.2d 469, 472 (9th Cir. 1992) (per curiam). The Eleventh Amendment does not, however, bar suits against state officials acting in their personal capacities. See id. Under the doctrine of Ex Parte Young, 209 U.S. 123 (1908), the Eleventh Amendment does not bar suits for prospective declaratory or injunctive relief against state officials in their official capacities. See Armstrong v. Wilson, 124 F.3d 1019, 1025 (9th Cir. 1997). The Eleventh Amendment also does not bar suits against cities and counties. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690 n.54 (1978).

Here, Plaintiff seeks monetary and injunctive relief from Defendants, both of whom are state representatives. See ECF No. 1, pg. 3. Plaintiff fails to specify whether his claims are brought against the Defendants in their official or in their individual capacities. To the extent that the claims are brought against Defendants' official capacities, the Court agrees with Defendants that Plaintiff is unable to recover damages but may pursue his claim for injunctive relief. See Eaglesmith 73 F.3d at 859. Plaintiff may pursue monetary relief from Defendants in their individual capacities.

### B. Personal Involvement of Defendants

In their third argument, Defendants argue that Plaintiff fails to allege facts which show how either defendant was personally involved in the claimed constitutional violation. See ECF No. 20, pgs. 11-13. In their fifth argument, Defendants argue that Defendant Newsom cannot be held liable under a respondeat superior theory. See id. at 14.

///

///

///

    Supervisory personnel, such as the Governor and Warden, are generally not liable under § 1983 for the actions of their employees or subordinates.  See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that there is no respondeat superior liability under § 1983). A supervisor is only liable for the constitutional violations of subordinates if the supervisor participated in or directed the violations.  See id.  The Supreme Court has rejected the notion that a supervisory defendant can be liable based on knowledge and acquiescence in a subordinate's unconstitutional conduct because government officials, regardless of their title, can only be held liable under § 1983 for his or her own conduct and not the conduct of others.  See Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009).  Supervisory personnel who implement a policy so deficient that the policy itself is a repudiation of constitutional rights and the moving force behind a constitutional violation may, however, be liable even where such personnel do not overtly participate in the offensive act.  See Redman v. Cnty of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc).

    When a defendant holds a supervisory position, the causal link between such defendant and the claimed constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory allegations concerning the involvement of supervisory personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).  "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the constitution."  Iqbal, 662 U.S. at 676.

    In this case, Plaintiff's complaint contains no factual allegations regarding Defendant Newsom.  Plaintiff has thus failed to establish a causal connection between Defendant Newsom and any alleged constitutional violation related to the denial of medical parole.  Plaintiff should be provided an opportunity to amend consistent with the standards outlined above.

    As to Defendant Benavidez, the prison Warden, Defendants argue:

> Here, the Complaint fails to establish Defendant Benavidez's personal involvement, in her individual capacity, with Plaintiff's alleged constitutional injury. No facts are alleged which establish that Defendant Benavidez has acted to obstruct Plaintiff's attempts to get medical parole, nor failed to perform a statutorily required duty. The Complaint contains only conclusory statements.

> Furthermore, based on the regulations concerning medical parole, Defendant Benavidez, a warden, did not have the power to approve or deny medical parole and instead merely reviews the application after the C&PR, then forwards to the Classifications Services Unit. See Cal. Code Regs. tit. 15, § 3359.2.

ECF No. 20, pg. 12.

The Court agrees. While Plaintiff alleges that Defendant Benavidez failed to act on Plaintiff's request for medical parole, Plaintiff has not explained how that failure resulted in an improper denial of medical parole given that, as Warden, Benavidez was not in a position to grant or deny medical parole to Plaintiff. See Cal. Code Regs. Tit. 15, § 3359.2. Defendant Benavidez should be dismissed with prejudice.

### C. Equal Protection Claim

In their fourth argument, Defendants contend that Plaintiff fails to allege facts sufficient to sustain an equal protection claim under the Fourteenth Amendment. See ECF No. 20, pgs. 13-14.

Equal protection claims arise when a charge is made that similarly situated individuals are treated differently without a rational relationship to a legitimate state purpose. See San Antonio School District v. Rodriguez, 411 U.S. 1 (1972). Prisoners are protected from invidious discrimination based on race. See Wolff v. McDonnell, 418 U.S. 539, 556 (1974). Racial segregation is unconstitutional within prisons save for the necessities of prison security and discipline. See Cruz v. Beto, 405 U.S. 319, 321 (1972) (per curiam). Prisoners are also protected from intentional discrimination on the basis of their religion. See Freeman v. Arpaio, 125 F.3d 732, 737 (9th Cir. 1997). Equal protection claims are not necessarily limited to racial and religious discrimination. See Lee v. City of Los Angeles, 250 F.3d 668, 686-67 (9th Cir. 2001) (applying minimal scrutiny to equal protection claim by a disabled plaintiff because the disabled do not constitute a suspect class); see also Tatum v. Pliler, 2007 WL 1720165 (E.D. Cal. 2007) (applying minimal scrutiny to equal protection claim based on denial of in-cell meals where no allegation of race-based discrimination was made); Harrison v. Kernan, 971 F.3d 1069 (9th Cir. 2020) (applying intermediate scrutiny to claim of discrimination on the basis of gender).

///

In order to state a § 1983 claim based on a violation of the Equal Protection Clause of the Fourteenth Amendment, a plaintiff must allege that defendants acted with intentional discrimination against plaintiff, or against a class of inmates which included plaintiff, and that such conduct did not relate to a legitimate penological purpose. See Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000) (holding that equal protection claims may be brought by a "class of one"); Reese v. Jefferson Sch. Dist. No. 14J, 208 F.3d 736, 740 (9th Cir. 2000); Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998); Federal Deposit Ins. Corp. v. Henderson, 940 F.2d 465, 471 (9th Cir. 1991); Lowe v. City of Monrovia, 775 F.2d 998, 1010 (9th Cir. 1985).

Here, Plaintiff asserts that "Defendant Warden Jennifer Benavidez was notified that Plaintiff was requesting a medical review for a Medical Parole Hearing," but Defendant did not respond to the request. See ECF No. 1, pgs. 1-2. However, Plaintiff fails to allege any facts indicating that Defendant's lack of response amounted to intentional discrimination. As Defendants correctly point out, "Plaintiff does not allege that he belongs to a protected class, or any class for that matter." See ECF No. 20, pg. 14. Plaintiff's statements simply conclude that Defendant's lack of response violated Plaintiff's right to equal protection. See ECF No. 1, pgs. 1-2. Without any factual information to support the claim that Defendant Benavidez discriminated against Plaintiff, the complaint is insufficient. Given that the prison Warden has no responsibility over the issue of medical parole under California regulations, Defendant Benavidez could not have acted with any discriminatory intent with respect to Plaintiff's request for medical parole. Leave to amend is thus not warranted as to Plaintiff's equal protection claims, which is alleged as against Defendant Benavidez only.

### D. State Law Claims

In their sixth argument, Defendants assert that the Court should decline to exercise supplemental jurisdiction over Plaintiff's state law claims because he has failed to allege facts sufficient to sustain any federal claims. See ECF No. 20, pg. 15. In their seventh and eighth arguments, Defendants contend that Plaintiff fails to allege facts sufficient on the merits of either state law claim. See id. at 15-16.

///

At the outset, the Court rejects Defendants' sixth argument. Specifically, as noted above, though they acknowledge that Plaintiff asserts a due process claim under § 1983, they do not raise any argument related to that claim. Thus, even if Plaintiff's equal protection claim is dismissed, the due process claim remains and provides a basis for this Court to exercise supplemental jurisdiction over Plaintiff's state law claims. The Court, however, agrees with Defendants that Plaintiff has not alleged sufficient facts to sustain either of his state law claims, as explained below.

### 1. Negligent Infliction of Emotional Distress

Negligent infliction of emotional distress is not an independent cause of action under California law and, instead, falls within the tort of negligence. See Burgess v. Superior Court, 2 Cal. 4th 1064, 1072 (1992). The traditional negligence elements of duty, breach, causation, and damage apply to a claim of negligent infliction of emotional distress. See id.

According to Defendants:

> Here, Plaintiff's Complaint fails to allege any facts supporting the elements of a negligence claim. Plaintiff does hardly more than recite the elements of the claim with conclusory statements. The Complaint alleges that a duty exists between each Defendant and the Plaintiff but fails to explicate the nature of that duty. One can presume that the alleged inaction on Plaintiff's requests for medical parole was the supposed breach, but nowhere does the Complaint explain how this caused Plaintiff's emotional distress. Specifically, regarding Defendant Newsom, because the Governor appears to play no role in the medical parole process alleging that any action or inaction on his part caused, even in part, Plaintiff's alleged emotional distress seems wholly without basis. Nor does the Complaint elaborate on what Plaintiff is allegedly experiencing which in any way constitutes emotional distress.

ECF No. 20, pgs. 15-16.

As Defendants correctly note, Plaintiff's complaint is devoid of any specific allegations regarding the emotional distress he suffered. Plaintiff thus fails to allege damages. Further, Plaintiff has not explained the nature of the duty allegedly owed by Defendants or how Defendants' alleged conduct caused him emotional distress. Plaintiff should be provided leave to amend.

/ / /

2. <u>Intentional Infliction of Emotional Distress</u>

A claim for intentional infliction of emotional distress requires: (1) extreme and outrageous conduct by the defendant with the intent of causing emotional distress or reckless disregard of the possibility of causing emotional distress; (2) the plaintiff must have suffered extreme emotional distress; and (3) the defendant's conduct must be the actual and proximate cause of the plaintiff's extreme emotional distress.  See <u>Hughes v. Pair</u>, 46 Cal. 4th 1035, 1051 (2009).

Defendants assert:

> Here, again, the Complaint merely recites the elements of the claim through conclusory statements containing no alleged facts to support them. Nothing is alleged to support that the alleged inaction by either Defendant is extreme or outrageous. Nor, that it was done with the intention of causing, or with reckless disregard of the probability of causing, severe or extreme emotional distress. No alleged facts delineate how exactly the alleged inaction of Defendants caused the severe or extreme emotional distress. Finally, the Complaint offers no facts that purport to show Plaintiff is experiencing emotional distress which is severe nor extreme.

ECF No. 20, pg. 16.

As with Plaintiff's claim of negligent infliction of emotional distress, the Court agrees that Plaintiff's claim for intentional infliction of emotional distress is also deficient because Plaintiff has not asserted facts as to the emotional distress he allegedly suffered.  Nor has Plaintiff alleged that Defendants acted intentionally or recklessly for the purpose of causing Plaintiff to suffer emotional distress.  This claim should be dismissed with leave to amend.

### III.  CONCLUSION

Based on the foregoing, the undersigned recommends as follows:

1. Defendants' unopposed motion to dismiss, ECF No. 20, be GRANTED.
2. Defendant Benavidez be dismissed with prejudice.
3. Plaintiff's equal protection claim be dismissed with prejudice.
4. Plaintiff's state law claims be dismissed with leave to amend.
5. Plaintiff be provided leave to file a first amended complaint as to his due

1 | process claim against Defendant Newsom only.

2 |       These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  July 24, 2023

                DENNIS M. COTA  
                UNITED STATES MAGISTRATE JUDGE