IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RISHARDO LAWRENCE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>GAVIN NEWSOM,<br><br>　　　　Defendant. | No.  2:22-CV-1975-WBS-DMC-P<br><br><br>FINDINGS AND RECOMMENDATIONS |

　　　　Plaintiff, a prisoner proceeding with retained counsel, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the Court is Plaintiff's motion for injunctive relief. See ECF No. 26.

　　　　The legal principles applicable to requests for injunctive relief, such as a temporary restraining order or preliminary injunction, are well established.  To prevail, the moving party must show that irreparable injury is likely in the absence of an injunction.  See Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing Winter v. Natural Res. Def. Council, Inc., 129 S.Ct. 365 (2008)).  To the extent prior Ninth Circuit cases suggest a lesser standard by focusing solely on the possibility of irreparable harm, such cases are "no longer controlling, or even viable."  Am. Trucking Ass'ns, Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009).  Under Winter, the proper test requires a party to demonstrate: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of an

1   injunction; (3) the balance of hardships tips in his favor; and (4) an injunction is in the public

2   interest. See Stormans, 586 F.3d at 1127 (citing Winter, 129 S.Ct. at 374).  The court cannot,

3   however, issue an order against individuals who are not parties to the action.  See Zenith Radio

4   Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 112 (1969).  Moreover, if an inmate is seeking

5   injunctive relief with respect to conditions of confinement, the prisoner's transfer to another

6   prison renders the request for injunctive relief moot, unless there is some evidence of an

7   expectation of being transferred back.  See Prieser v. Newkirk, 422 U.S. 395, 402-03 (1975);

8   Johnson v. Moore, 948 F.3d 517, 519 (9th Cir. 1991) (per curiam).

### I.  BACKGROUND

**A.    Procedural History**

Plaintiff initiated this action with a complaint filed with the assistance of retained counsel on September 6, 2022, in the United States District Court for the Northern District of California.  See ECF No. 1.  The matter was transferred to this Court on November 1, 2022.  See ECF Nos. 10, 11.  On December 22, 2022, the Court determined that service of the complaint was appropriate.  See ECF No. 13.  Defendants filed a motion to dismiss on March 1, 2023.  See ECF No. 20.  Plaintiff did not file an opposition, and on July 24, 2023, the Court issued findings and recommendations that the unopposed motion be granted.  See ECF No. 23.  The findings and recommendations were adopted in full by the District Judge on March 21, 2024.  See ECF No. 31.

Pursuant to the District Judge's order, this action proceeds on Plaintiff's due process and state law claims against Defendant Newsom only, subject to amendment. See id. Defendant Benavidez was dismissed with prejudice.  See id.  Plaintiff's equal protection claim against all defendants was also dismissed with prejudice.  See id.  Plaintiff, through counsel, filed his first amended complaint on June 13, 2024.  See ECF No. 35.  While Plaintiff was provided leave to amend his due process claim against Defendant Newsom, Plaintiff's first amended complaint presents only state law claims – a claim of negligent infliction of emotional distress, and a claim of intentional infliction of emotional distress – and continues to reference Benavidez as a defendant.  See id.

B.   **Plaintiff's Allegations**

In the first amended complaint, Plaintiff sets forth the following factual allegations:

> This is a complaint for damages and failure to grant a medical parole hearing for Plaintiff in violation of the Fourteenth Amendment to the United States Constitution and California Penal Code Section 2550. Plaintiff was an inmate at the California Medical Facility in Vacaville, California.  Plaintiff is currently housed at the California Medical Facility in Stockton, California, and is disabled and in a wheelchair suffering from pulmonary embolism and deep vein thrombosis and cardiopulmonary disorder all of which resulted in his leg being amputated.
> On 5/24/2022 CMF Warden Jennifer Benavidez was notified that Plaintiff was requesting a medical review for a Medical Parole Hearing. The Defendant has not responded to Plaintiff's request, denying him his fundamental right to due process and equal protection under the Fourteenth Amendment of the United States Constitution.  Officials at CSP Stockton have also not replied.

ECF No. 35, pgs. 1-2.

## II.  DISCUSSION

In the pending motion for injunctive relief, Plaintiff states as follows:

> This is a request for an order concerning a Violation Report and the psych report for Plaintiff in violation of the 14th Amendment to the United States Constitution and California Penal Code Section 3550. . . .
> Plaintiff is scheduled for a Lifer Suitability Hearing on 9-13-2023, and the admission of the attached documents would greatly prejudice his case before the Board of Parole Hearings in that he is medically compromised and in a wheelchair and thus could not be a danger to society if released.  See exhibit A, the current Psych Report conclusion authored by Dr. Todd McManus, Ph.D. which was made before Mr. Lawrence was moved to the Stockton medical facility.
> The alleged rules violation report was made under suspicious circumstances in that Mr. Lawrence was moved to SCP-Sacramento after being held in administrative segregation at SCP-CMF on orders from Defendant Warden Jennifer Benavidez who has since been replaced.
> The introduction of the rules violation report and the psych report at the 10/13/2023 hearing would be prejudicial to Plaintiff and would result in denial at his BGH hearing.
> Plaintiff requests this Court to issue an order restricting the BPH suitability panel from using the disputed documents named herein.

ECF No. 26, pgs. 1-2.

///
///

3

1    Attached to Plaintiff's motion at Exhibit A July 10, 2023, psychological evaluation
2    submitted by Kimberly Smith, Psy.D.  See id. at 3-14.  Attached at Exhibit B is a January 1, 2023,
3    rules violation report.  See id. at 15-16.

4    Applying the legal principles outlined above, the Court finds that injunctive relief
5    is not warranted.

6    First, Plaintiff has not established a likelihood of success on the merits.  The Court
7    observes that, while the District Judge determined that Plaintiff potentially states a cognizable due
8    process claim, the first amended complaint asserts no such claim.  Rather, Plaintiff's first
9    amended complaint asserts only state law claims.  The operative complaints alleges no federal
10   claims and, as such, this Court's jurisdiction over the case is questionable.  Additionally, Plaintiff
11   continues to name Benavidez as a defendant though Benavidez was dismissed with prejudice.
12   Finally, the amended complaint does not appear to contain any allegations specific to Defendant
13   Newsom.

14   Second, Plaintiff seeks injunctive relief directed to the Board of Parole Hearings,
15   which is not a defendant to this action.

16   Third, Plaintiff has not demonstrated the that he is likely to suffer irreparable harm
17   absent a court order precluding the Board of Parole Hearing from considering the documents
18   attached to Plaintiff's motion at Exhibits A and B.  Plaintiff can only speculate what, if any,
19   weight the Board of Parole Hearings would give these documents.  It is entirely possible that,
20   even when considering the documents Plaintiff seeks to exclude, the Board of Parole Hearings
21   would nonetheless grant Plaintiff relief.  Further, even if the Board of Parole Hearings denied
22   relief, Plaintiff would be able to seek further administrative review of any adverse decision by
23   way of, for example, an appeal directly to the governor.

24   Fourth, it appears that Plaintiff's request is now moot.  In his motion, Plaintiff
25   references a hearing before the Board of Parole Hearings on two different dates – September 13,
26   2023, and October 13, 2023.  See ECF No. 26.  Both dates have passed.  Thus, the Court can no
27   longer grant the relief requested.
28   / / /

### III.  CONCLUSION

Based on the foregoing, the undersigned recommends that Plaintiff's motion for injunctive relief, ECF No. 26, be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  June 17, 2024

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE