1

2

3

4

5

6

7

8                    **IN THE UNITED STATES DISTRICT COURT**

9                    **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   RISHARDO LAWRENCE,                    No.  2:22-CV-1975-WBS-DMC-P

12                    Plaintiff,

13        v.                               <u>FINDINGS AND RECOMMENDATIONS</u>

14   GAVIN NEWSOM,

15                    Defendant.

16

17           Plaintiff, a prisoner proceeding with retained counsel, brings this civil rights action

18   pursuant to 42 U.S.C. § 1983.  Pending before the Court is Defendant's unopposed motion to

19   dismiss Plaintiff's first amended complaint.  <u>See</u> ECF No. 39.

20           In considering a motion to dismiss, the Court must accept all allegations of

21   material fact in the complaint as true.  <u>See</u> <u>Erickson v. Pardus</u>, 551 U.S. 89, 93-94 (2007).  The

22   Court must also construe the alleged facts in the light most favorable to the plaintiff.  <u>See</u> <u>Scheuer</u>

23   <u>v. Rhodes</u>, 416 U.S. 232, 236 (1974); <u>see also</u> <u>Hosp. Bldg. Co. v. Rex Hosp. Trustees</u>, 425 U.S.

24   738, 740 (1976); <u>Barnett v. Centoni</u>, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam).  All

25   ambiguities or doubts must also be resolved in the plaintiff's favor.  <u>See</u> <u>Jenkins v. McKeithen</u>,

26   395 U.S. 411, 421 (1969).  However, legally conclusory statements, not supported by actual

27   factual allegations, need not be accepted.  <u>See</u> <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1949-50 (2009).

28   In addition, pro se pleadings are held to a less stringent standard than those drafted by lawyers.

                                              1

1    See Haines v. Kerner, 404 U.S. 519, 520 (1972).

2              Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement

3    of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair

4    notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp v. Twombly,

5    550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  However, in order

6    to survive dismissal for failure to state a claim under Rule 12(b)(6), a complaint must contain

7    more than "a formulaic recitation of the elements of a cause of action;" it must contain factual

8    allegations sufficient "to raise a right to relief above the speculative level."  Id. at 555-56.  The

9    complaint must contain "enough facts to state a claim to relief that is plausible on its face."  Id. at

10   570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the

11   court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

12   Iqbal, 129 S. Ct. at 1949.  "The plausibility standard is not akin to a 'probability requirement,' but

13   it asks for more than a sheer possibility that a defendant has acted unlawfully."  Id. (quoting

14   Twombly, 550 U.S. at 556).  "Where a complaint pleads facts that are 'merely consistent with' a

15   defendant's liability, it 'stops short of the line between possibility and plausibility for entitlement

16   to relief."  Id. (quoting Twombly, 550 U.S. at 557).

17             In deciding a Rule 12(b)(6) motion, the Court generally may not consider materials

18   outside the complaint and pleadings.  See Cooper v. Pickett, 137 F.3d 616, 622 (9th Cir. 1998);

19   Branch v. Tunnell, 14 F.3d 449, 453 (9th Cir. 1994).  The Court may, however, consider: (1)

20   documents whose contents are alleged in or attached to the complaint and whose authenticity no

21   party questions, see Branch, 14 F.3d at 454; (2) documents whose authenticity is not in question,

22   and upon which the complaint necessarily relies, but which are not attached to the complaint, see

23   Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001); and (3) documents and materials

24   of which the court may take judicial notice, see Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir.

25   1994).

26             Finally, leave to amend must be granted "[u]nless it is absolutely clear that no

27   amendment can cure the defects."  Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per

28   curiam); see also Lopez v. Smith, 203 F.3d 1122, 1126 (9th Cir. 2000) (en banc).

                                                 2

# I. BACKGROUND

### A.     Procedural History

Plaintiff initiated this action with a complaint filed through retained counsel in the United States District Court for the Northern District of California on September 6, 2022.  See ECF No. 1.  Plaintiff named the following as defendants: (1) Gavin Newsom; and (2) Jennifer Benavidez.  See id. at 1.  The matter was transferred to this Court on November 1, 2022.  See ECF No. 11.  On December 22, 2022, the Court determined the complaint was appropriate for service and directed Plaintiff to serve process.  See ECF No. 13.

Defendants filed a motion to dismiss on March 1, 2023.  See ECF No. 20. Plaintiff did not oppose.  On July 24, 2023, the Court issued findings and recommendations that Defendants' motion to dismiss be granted, that Defendant Benavidez be dismissed with prejudice, that Plaintiff's equal protection claim be dismissed with prejudice, that Plaintiff's state law claims be dismissed with leave to amend, that Plaintiff's due process claim against Defendant Newsom be dismissed with leave to amend, and that Plaintiff be directed to file a first amended complaint. See ECF No. 23.  The District Judge adopted the findings and recommendations in full on March 21, 2024.  See ECF No. 31.  Plaintiff filed his first amended complaint through retained counsel on June 13, 2024.  See ECF No. 35.

On July 18, 2024, Defendant Newsom filed the pending motion to dismiss the first amended complaint.  See ECF No. 39.  As with the prior motion to dismiss, Plaintiff has not filed an opposition

### B.     Plaintiff's Allegations

The caption of Plaintiff's first amended complaint lists Gavin Newsom as the sole named defendant.  See ECF No. 35, pg. 1.  Throughout the amended complaint, however, Plaintiff refers to "Defendants" and includes a specific allegation as to Benavidez, who is alleged to be the prison warden and who is alleged to have violated Plaintiff's rights by not responding to Plaintiff's request for a medical parole.  See generally ECF No. 35.  Plaintiff states that he is a state prisoner confined to a wheelchair and that he is suffering pulmonary embolism, deep vein thrombosis, and cardiopulmonary disorder, all of which necessitated the amputation of his leg.

1    See id. at 1.  According to Plaintiff:

2             On 5/24/2022 CMF [California Medical Facility] Warden Jennifer
        Benavidez was notified that Plaintiff was requesting a medical review for
3        a Medical Parole Hearing.  The Defendant has not responded to Plaintiff's
        request, denying him his fundamental right to due process and equal
4        protection under the Fourteenth Amendment of the United States
        Constitution. . . .

5        Id. at 2.

6

7        Plaintiff asserts two separate causes of action, both arising under state law, for

8    negligent infliction of emotional distress and intentional infliction of emotional distress.  See id.

9    at 2-3.  Plaintiff seeks damages and an order directing that a medical parole hearing be set.  See

10    id. at 4.

11

12                              **II.  DISCUSSION**

13        In his unopposed motion to dismiss, Defendant Newsom renews the arguments

14    raised in the prior motion as follows: (1) to the extent Plaintiff is suing him in his official capacity

15    for damages under § 1983, he is immune under the Eleventh Amendment; (2) to the extent

16    Plaintiff is suing Defendant in his official capacity for injunctive relief under § 1983, the first

17    amended complaint continues to fail to allege sufficient facts to establish an entitlement to such

18    relief; (3) to the extent Plaintiff is suing Defendant in his individual capacity for damages or

19    injunctive relief under § 1983, Plaintiff's allegations continue to be insufficient to establish

20    Defendant's liability as a supervisor; and (4) Plaintiff fails to allege facts sufficient to sustain his

21    state law claims for infliction of emotional distress.  See ECF No. 39.  Defendant also contends

22    that, pursuant to the District Judge's order granting the first motion to dismiss, Plaintiff cannot

23    now attempt to revive his equal protection claim or his claims against Benavidez.  See id.

24    Defendant asks that the first amended complaint be dismissed without further leave to amend.

25    See id.

26    / / /

27    / / /

28    / / /

4

1    At the outset, the Court agrees with Defendant that the first amended complaint

2  cannot revive claims and defendants which have already been dismissed with prejudice.

3  Plaintiff's equal protection claim has been dismissed with prejudice and is no longer before the

4  Court.  Likewise, Benavidez has been dismissed with prejudice and is no longer a party to this

5  action.

6    As to capacity, the Court notes that the first amended complaint remains unclear.

7  Specifically, despite the issue having been addressed in the Court's prior findings and

8  recommendations, Plaintiff continues to fail to specify in which capacity Defendant Newsom is

9  sued.  Therefore, the Court will address Plaintiff's allegations as if Defendant is being sued in

10  both his official and individual capacities.

11    **A.**    **Section 1983 Claim**

12      1.    Official Capacity

13    The Court agrees with Defendant that, to the extent Plaintiff is suing him in his

14  official capacity for damages, he is immune from suit under the Eleventh Amendment.  See

15  Eaglesmith v. Ward, 73 F.3d 857, 859 (9th Cir. 1995); Pena v. Gardner, 976 F.2d 469, 472 (9th

16  Cir. 1992) (per curiam).  Plaintiff may, however, proceed against Defendant Newsom in his

17  official capacity on his claim for injunctive relief.  See Armstrong v. Wilson, 124 F.3d 1019,

18  1025 (9th Cir. 1997).  As to Plaintiff's § 1983 claim for injunctive relief based on an alleged due

19  process violation, Defendant argues that Plaintiff's claim is foreclosed because he has no role in

20  medical parole and cannot provide the requested injunctive relief.  See ECF No. 39, pgs. 6-8.

21    By way of background, Defendant first outlines the provisions of Title 15 of the

22  California Code of Regulations governing medical parole.  See ECF No. 39, pgs. 6-7.  According

23  to the regulation, the decision to grant or deny a hearing for medical parole lies with the prison's

24  Chief Medical Officer and Classification and Parole Representative.  See Cal. Code Regs. tit. 15,

25  § 3359.2(c); see also Cal. Code Regs. tit. 15, § 3359.2(b). The regulations also establish that the

26  decision to grant or deny medical parole lies with the Board of Parole Hearings.  See Cal. Code

27  Regs. tit. 15, § 3359.1(d); Cal. Pen. Code§ 3350(g).

28  / / /

1    Against this background, Defendant's argument is persuasive because, while there

2   is an exception to Eleventh Amendment immunity for prospective injunctive relief, that exception

3   "only applies to state officials with the ability to provide injunctive relief in their official

4   capacities." Roberts v. California Dep't of Corrections, 2007 WL 951289 *2 (N.D. Cal., March

5   27, 2007) (citing Kentucky v. Graham, 472 U.S. 159, 167 n.14 (2002)).  Here, state regulations

6   establish that Defendant Newsom does not have the ability to order that Plaintiff be provided a

7   medical parole hearing.  Further amendment to the pleadings will not change this fact.

8    2.    Individual Capacity

9    The Eleventh Amendment does not bar suits for damages and/or injunctive relief

10   against Defendant Newsom in his individual capacity.  See Eaglesmith, 73 F.3d at 859; Pena, 976

11   F.2d at 472.  To the extent Plaintiff is suing Defendant in his individual capacity, Defendant

12   argues that the first amended complaint fails to assert allegations sufficient to establish

13   Defendant's supervisory liability.  See ECF No 39, pg. 10.  The Court agrees.

14    Supervisory officials, such as Defendant Newsom, who is the Governor of

15   California, are generally not liable under § 1983 for the actions of subordinates.  See Taylor v.

16   List, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that there is no respondeat superior liability

17   under § 1983).  A supervisor is only liable for the constitutional violations of subordinates if the

18   supervisor participated in or directed the violations.  See id.  Supervisory personnel who

19   implement a policy so deficient that the policy itself is a repudiation of constitutional rights and

20   the moving force behind a constitutional violation may be liable even where such personnel do

21   not overtly participate in the offensive act.  See Redman v. Cnty of San Diego, 942 F.2d 1435,

22   1446 (9th Cir. 1991) (en banc).  A supervisory defendant may also be liable where he or she knew

23   of constitutional violations but failed to act to prevent them.  See Taylor, 880 F.2d at 1045; see

24   also Starr v. Baca, 633 F.3d 1191, 1209 (9th Cir. 2011).

25    When a defendant holds a supervisory position, the causal link between such

26   defendant and the claimed constitutional violation must be specifically alleged.  See Fayle v.

27   Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir.

28   1978).  Vague and conclusory allegations concerning the involvement of supervisory personnel in

1   civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th

2   Cir. 1982).  "[A] plaintiff must plead that each Government-official defendant, through the

3   official's own individual actions, has violated the constitution."  See Ashcroft v. Iqbal, 556 U.S.

4   662, 676 (2009).

5           Defendant argues:

6                   Here, the FAC fails to allege any facts establishing Defendant
        Newsom was in any way aware of Plaintiff's medical parole request or
7       Warden Benavidez's alleged inaction on that request.
                Accordingly, to the extent Plaintiff bases Defendant Newsom's
8       liability on any possible supervisory role he has in relation to Defendant
        Benavidez, the facts as alleged are insufficient to state a claim against
9       Defendant Newsom.

10          ECF No. 39, pg. 10.

11          Defendant's argument is persuasive.  Except for the caption, the first amended

12  complaint makes no reference whatsoever to Defendant Newsom.  Benavidez, who is no longer a

13  party to this action, is the only individual named in the body of the first amended complaint.

14  Plaintiff's allegation that "Defendants are responsible for implementing the Medical Parole

15  statute. . .," ECF No. 25, pg. 2, suggests a non-cognizable respondeat superior theory of liability

16  and fails to provide any specificity as to Defendant Newsom's conduct.  Given that Plaintiff has

17  previously been advised of the pleading standard applicable to supervisory officials and continues

18  to provide sufficient allegations to establish Defendant Newsom's supervisory liability, further

19  leave to amend is not warranted.

20          **B.      State Law Claims**

21          The first amended complaint renews Plaintiff's state law claims for negligent

22  infliction of emotional distress and intentional infliction of emotional distress, both of which were

23  dismissed with leave to amend.  Defendant Newsom argues in the pending motion to dismiss the

24  first amended complaint that Plaintiff's state law claims continue to be deficient.  ECF No. 39,

25  pgs. 8-9.  As discussed below, the Court agrees.

26  / / /

27  / / /

28  / / /

1            1.      <u>Negligent Infliction of Emotional Distress</u>

2            The Court previously addressed Plaintiff's claim of negligent infliction of

3 emotional distress.  In the July 24, 2023, findings and recommendations, which were adopted in

4 full by the District Judge, the Court stated:

> Negligent infliction of emotional distress is not an
> independent cause of action under California law and, instead, falls within
> the tort of negligence. <u>See</u> <u>Burgess v. Superior Court</u>, 2 Cal. 4th 1064,
> 1072 (1992). The traditional negligence elements of duty, breach,
> causation, and damage apply to a claim of negligent infliction of
> emotional distress. <u>See</u> <u>id.</u>
>
>                 * * *
>
> As Defendants correctly note, Plaintiff's complaint is
> devoid of any specific allegations regarding the emotional distress he
> suffered. Plaintiff thus fails to allege damages. Further, Plaintiff has not
> explained the nature of the duty allegedly owed by Defendants or how
> Defendants' alleged conduct caused him emotional distress. Plaintiff
> should be provided leave to amend.

13            ECF No. 23, pg. 9.

14            Defendant argues:

> Here, Plaintiff's FAC fails to allege any facts supporting the
> elements of a negligence claim. Plaintiff does hardly more than recite the
> elements of the claim with conclusory statements. The FAC alleges that a
> duty exists between Defendant Newsom and the Plaintiff but fails to
> explain the nature of that duty. And if we assume that the alleged inaction
> on Plaintiff's requests for medical parole was the supposed breach of a
> duty, Plaintiff's FAC still fails to explain how this caused Plaintiff's
> emotional distress. As the Court previously found in the initial Complaint,
> Plaintiff has not explained the nature of the duty owed by Defendant
> Newsom or how his alleged conduct caused Plaintiff emotional distress.
> (ECF no. 23 at 9.)

21            ECF No. 39, pg. 9.

22            Defendant's argument is persuasive.  As with the original complaint, the first

23 amended complaint continues to fail to describe the duty owed to Plaintiff beyond the conclusory

24 statement that "Defendants. . . owed a duty to Plaintiff to treat him in a non-negligent and fair

25 manner. . .," ECF No. 35, pg. 3.  Further, Plaintiff continues to fail to explain how the denial of

26 medical parole caused him emotional distress.  The first amended complaint thus fails to establish

27 any of the necessary elements of a negligent infliction of emotional distress claim.  Because

28 Plaintiff has been previously advised of the standards for this claim and continues to fail to plead

1  sufficient facts, further leave to amend is not warranted.

2          2.     Intentional Infliction of Emotional Distress

3          This claim was also addressed previously in the July 24, 2023, findings and

4  recommendations, as follows:

5                  A claim for intentional infliction of emotional distress
           requires: (1) extreme and outrageous conduct by the defendant with the
6          intent of causing emotional distress or reckless disregard of the possibility
           of causing emotional distress; (2) the plaintiff must have suffered extreme
7          emotional distress; and (3) the defendant's conduct must be the actual and
           proximate cause of the plaintiff's extreme emotional distress. See Hughes
8          v. Pair, 46 Cal. 4th 1035, 1051 (2009).

9                                    * * *

10                 As with Plaintiff's claim of negligent infliction of
           emotional distress, the Court agrees that Plaintiff's claim for intentional
11         infliction of emotional distress is also deficient because Plaintiff has not
           asserted facts as to the emotional distress he allegedly suffered. Nor has
12         Plaintiff alleged that Defendants acted intentionally or recklessly for the
           purpose of causing Plaintiff to suffer emotional distress. This claim should
13         be dismissed with leave to amend.

14         ECF No. 23, pg. 10.

15         According to Defendant:

16                 Here, again, the FAC merely recites the elements of the claim
           through conclusory statements containing no alleged facts to support them.
17         Nothing is alleged to establish that the alleged inaction by Defendant
           Newsom was extreme or outrageous. Nor does Plaintiff allege facts to
18         show that Defendant Newsom acted with the intention of causing, or with
           reckless disregard of the probability of causing, severe or extreme
19         emotional distress. And there are no alleged facts to establish how
           Defendant Newsom's alleged inaction caused severe or extreme emotional
20         distress. Finally, the FAC offers no facts to show Plaintiff is experiencing
           emotional distress which is severe or extreme.
21
           ECF No. 39, pg. 9.
22

23         The Court agrees.  The first amended complaint merely sets forth the formulaic

24  elements of an intentional infliction of emotional distress claim.  Plaintiff alleges that Defendant's

25  conduct was "outrageous," ECF No. 35, pg. 3, and that he suffered "severe emotional distress," id.

26  Plaintiff does not, however, describe with any particularity what Defendant's conduct is alleged to

27  be.  Additionally, as with his claim of negligent infliction of emotional distress discussed above,

28  Plaintiff fails to describe how the denial of Medical Parole caused him emotional distress.  Again,

                                        9

because Plaintiff has been previously advised of the standards for this claim and continues to fail to plead sufficient facts, further leave to amend is not warranted.

### III.  CONCLUSION

Based on the foregoing, the undersigned recommends that Defendant's unopposed motion to dismiss, ECF No. 39, be GRANTED and that this action be DISMISSED with prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court.  Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  September 10, 2024

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE